FILED
2017 Aug-11 AM 11:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| David Stineman, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Firstsource Advantage, LLC, a New York limited liability company, and LVNV Funding, LLC, a Delaware limited liability company, | ) ) ) ) ) ) | Class Action |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, David Stineman, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letters violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

### PARTIES

3. Plaintiff, David Stineman ("Stineman"), is a citizen of the State of Alabama, residing in the Northern District of Alabama, from whom Defendants

attempted to collect a delinquent consumer debt, which was allegedly owed for a First Premier Bank credit card.

4. Defendant, Firstsource Advantage, LLC ("Firstsource"), is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Firstsource operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant Firstsource was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts that it did not originate. Defendant LVNV operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Alabama. In fact, Defendant LVNV was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant LVNV is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant LVNV's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

7. Defendants Firstsource and LVNV are both authorized to conduct

business in the State of Alabama and maintain a registered agent within the State of Alabama, see, records from the Alabama Secretary of State, attached as Group Exhibit A. In fact, Defendants both conduct extensive business in Alabama.

**FACTUAL ALLEGATIONS**

8. More than 4 years ago, Mr. Stineman fell behind on paying his bills, including a debt he allegedly owed for a First Premier Bank credit card account. Sometime after that debt became delinquent, it was allegedly purchased/obtained by LVNV, which tried to collect upon it, by having Defendant Firstsource send Mr. Stineman form collection letters, dated February 8, 2017 and May 10, 2017, demanding payment of the First Premier Bank debt. After making various "settlement" offers, these letters belatedly stated:

\* \* \*

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV FUNDING LLC will not sue you for it, and LVNV FUNDING LLC will not report it to any credit reporting agency.

\* \* \*

Copies of these collection letters are attached as Group Exhibit B.

9. Defendants' letter, however, failed to state that Firstsource could not also sue on the debt, and that Firstsource could not also make a credit report about the debt; moreover, by stating that LVNV "will not" sue or credit report, rather than it "cannot" sue or credit report, the letter implied that LVNV still had the option to take those actions, and that it was simply choosing not to do so.

10. In fact, neither Defendant could sue to collect the debt at issue because it was time-barred by the statute of limitations in the State of Alabama, namely Alabama Code § 7-2-725, four years from the date of the last payment.

11. Defendants' failure to disclose that neither Defendant could sue and that neither Defendant could credit report the debt is material. In Alabama, collection agencies like Firstsource can, and do, file collection lawsuits for their clients and nationwide they also make credit reports for their clients. Thus, the lack of a proper disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debt at issue and cause them to believe Defendants, that the debt needed to be settled and/or would result in the alleged savings.

12. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendants' collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Jeter v. Credit Bureau, 760 F.2d 1168, 1176 (11th Cir. 1985); LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1193-1194 (11th Cir. 2010).

## COUNT I
## Violation Of § 1692e Of The FDCPA –
## False, Deceptive Or Misleading Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

16.     Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA.  See, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); and McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).

17.     Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Firstsource, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Firstsource, the original creditor or any of the related entities listed on the reverse side of the first letter could credit report the debt; and c) they failed to foreclose that LVNV could not legally sue or credit report the debt, not that LVNV had simply chosen not to do so.

18.     These are materially false or misleading statements that would lead any consumer to believe that they had to pay this debt to avoid being sued, credit reported or having to pay the full amount at some point in the future, or that there was some benefit in paying the debt, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692e of the FDCPA.

19.     Defendants' violations of § 1692e of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

20. Plaintiff adopts and realleges ¶¶ 1-13.

21. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

22. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Firstsource, the original creditor or any of the related entities listed on the reverse side of the letter would not sue on the debt; b) they did not foreclose the possibility that Firstsource, the original creditor or any of the related entities listed on the reverse side of the first letter could credit report the debt; and c) they failed to foreclose that LVNV could not legally sue or credit report the debt, not that LVNV had simply chosen not to do so.

23. These are materially unfair or unconscionable means that would lead any consumer to believe that they had to pay this debt to avoid being sued or being credit reported, or to obtain the alleged settlement, see, Lox v. CDA, 689 F.3d 818, 826 (7th Cir. 2012), in violation of § 1692f of the FDCPA.

24. Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

25.     Plaintiff, David Stineman, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom Defendants attempted to collect a delinquent, time-barred consumer debt, allegedly owed for a First Premier Bank credit card account, via the same form collection letters (Group Exhibit B), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

26.     Defendants regularly engage in debt collection, using the same form collection letters they sent Plaintiff Stineman, in their attempts to collect delinquent consumer debts from other consumers.

27.     The Class consists of more than 40 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letters they sent Plaintiff Stineman.

28.     Plaintiff Stineman's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

29.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

30. Plaintiff Stineman will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff Stineman has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, David Stineman, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Stineman as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendants' form collection letters violate the FDCPA;

4. Enter judgment in favor of Plaintiff Stineman and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, David Stineman, individually and on behalf of all others similarly situated, demands trial by jury.

> David Stineman, individually and on behalf of all others similarly situated,
>
> By: /s/ David J. Philipps
> One of Plaintiff's Attorneys

Dated:  August 11, 2017

David J. Philipps     (Ill. Bar No. 06196285)(pro hac vice to be sought)
Mary E. Philipps     (Ill. Bar No. 06197113)(Pro hac vice to be sought)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Ronald C. Sykstus   (AL Bar No. ASB-7064-K73R)
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.
225 Pratt Avenue
Huntsville, Alabama 35801
(256) 539-9899
(256) 713-0237 (FAX)
Rsykstus@bondnbotes.com